UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BOND ANDREWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDMARK SERVICES, ) <br> INC., ) <br> ) <br> Defendant. ) <br> / | Case No.: |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, BOND ANDREWS ("Plaintiff" or "Andrews"), and files her Complaint against Defendant, MEDMARK SERVICES, INC. ("Defendant" or "MedMark"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"); and the Texas Labor Code §§ 21.001 *et seq*. to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of her rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Texas Labor Code pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Andrews, is a citizen of the United States, and was at all times material, a resident of the state of Texas.

6. Defendant, MedMark, is a foreign for-profit corporation.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On January 27, 2020, Plaintiff dual-filed a claim with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On January 13, 2021, Plaintiff filed an amended charge.

13. On February 25, 2021, the EEOC issued to Plaintiff a Notice of Rights, issued upon request.

14. This complaint was filed within ninety days of the EEOC's issuance of Plaintiff's Notice of Rights.

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendant in a full-time capacity for approximately three years and six months. At the time of her termination, Plaintiff held the position of Vice President of Revenue Cycle Management.

16. Plaintiff is a disabled female.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodation.

19. Plaintiff suffers from Depression and Post Traumatic Stress Disorder.

20. Plaintiff's disability impacts her major life events including but not limited to sleeping, eating, and concentrating on tasks.

21. In August 2019, Plaintiff experienced a medical emergency related to her disability.

22. As a result, Plaintiff contacted Kristi Sprabery, Human Resources, to request FMLA leave.

23. Plaintiff was approved to utilize FMLA and began her leave on or about August 26, 2019.

24. About three days later, Ms. Sprabery informed Plaintiff she "might not have a job to come back to" after her FMLA leave.

25. Plaintiff returned to work on or about September 25, 2019.

26. Upon her return, Plaintiff verbally complained to Cindy Novak, Human Resources Manager, about Ms. Sprabery's discriminatory comment. However, no action was taken to remedy the situation.

27. Subsequently, Plaintiff verbally complained to Daniel Gitchenritter, Chief Financial Officer, about Ms. Sprabery's comment. Rather than address the issue, Mr. Gitchenritter informed Plaintiff "it is hard for me to be sympathetic when I don't know why you were out."

28. Moreover, mere days after her return from FMLA, Plaintiff was threatened with a retaliatory write up when Meagan Geddes, Human Resources Director, informed Plaintiff she was going to be written up for an issue which had occurred and been addressed prior to Plaintiff's FMLA leave.

29. Shortly thereafter, Allen (last name unknown), Billing Manager, began to make discriminatory comments about Plaintiff's medical condition, such as telling other employees Plaintiff was "mentally unstable."

30. Defendant took no action to address the hostile work environment.

31. Due to Defendant's discriminatory and retaliatory conduct Plaintiff filed a Charge of Discrimination with the EEOC against Defendant.

32. In early January 2021, Plaintiff began to experience a flare-up of her medical condition, which led her to renew her request for FMLA leave.

33. Plaintiff requested FMLA forms from Ms. Sprabery, however Defendant failed to provide Plaintiff with the requested documents.

34. Plaintiff once again submitted a request for FMLA forms to Ms. Sprabary.

35. Approximately an hour later, Ms. Sprabery emailed the requested FMLA forms to Plaintiff.

36. Plaintiff immediately sent the FMLA forms to her physician to be completed.

37. Mere hours later, Plaintiff's physician emailed the completed FMLA forms to Ms. Sprabery.

38. A few days later, Plaintiff was called into a meeting with Gilbert D'Andira, Chief Financial Officer, and Cindy Novak, Head of Human Resources, during which Ms. Novak inquired about Plaintiff's request for FMLA. Plaintiff indicated that Ms. Novak and Mr. D'Andira could reference the FMLA forms her physician had provided for any questions regarding her request for FMLA.

39. At the conclusion of the meeting, Defendant terminated Plaintiff's employment under pretext.

40. Plaintiff has been damaged by Defendant's illegal conduct.

41. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
### Retaliation in Violation of the FMLA

42. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-40 above.

43. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

44. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

45. Plaintiff exercised or attempted to exercise her rights under the FMLA.

46. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

47. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

48. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Interference in Violation of the FMLA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

50. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

51. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

52. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

53. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

54. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

55. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count III:
### Disability Discrimination in Violation of the ADA

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

57. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

58. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

59. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

60. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

61. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

62. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

63. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
### Retaliation in Violation of the ADA

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

65. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff filed a charge with the EEOC and requested reasonable accommodations under the ADA by terminating her employment.

66. Defendant's conduct violates the ADA.

67. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

68. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

69. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count V
### Disability Discrimination under the Texas Labor Code §§ 21.001 *et seq.*

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

71. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TWC.

72. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

73. Defendant is prohibited under the TWC from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

74. Defendant violated the TWC by unlawfully terminating and discriminating against Plaintiff based on her disability.

75. Defendant's discriminatory conduct, in violation of the TWC, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

76. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

77. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's rights, thereby entitling her to punitive damages.

## Count VI
### Retaliation in Violation of the Texas Labor Code §§ 451.001 *et seq*.

78. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

79. Plaintiff engaged in protected activity under the TCHRA filed a charge with the EEOC and requested reasonable accommodations under the ADA while employed by Defendant.

80. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity by terminating her employment.

81. Defendant's conduct violates the TCHRA.

82. Defendant's discriminatory conduct, in violation of the TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

85. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

86. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Texas Bar Number 24108958
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*